J-S70008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL COOPER | |
| Appellant | No. 3264 EDA 2013 |

Appeal from the Judgment of Sentence October 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009158-2012

BEFORE: LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 09, 2014**

Paul Cooper appeals from his judgment of sentence entered in the Court of Common Pleas of Philadelphia County. On appeal, Cooper claims his sentence was an abuse of discretion. After our review, we affirm.

On January 11, 2012, Cooper was arrested for crimes against a 16-month-old child. On September 4, 2013, Cooper entered a no contest plea to charges of aggravated assault, simple assault, unlawful restraint, endangering the welfare of a child, and recklessly endangering another person (REAP). The court sentenced Cooper to an aggregate sentence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

fourteen and one-half to thirty-two years' incarceration.[1]  This appeal followed.

Cooper raises the following claim for our review:  Did the court err as a matter of law by imposing a harsh, excessive and manifestly unjust sentence, which was beyond the standard range and not consistent with Pennsylvania law under 42 Pa.C.S. §§ 9721 and 9781?  The court imposed the following consecutive sentences:  for aggravated assault, 120-240 months, which is outside the guidelines (the top of the aggravated range is a 102-month minimum); for endangering the welfare of a child, 30-60 months, also outside the guidelines (the top of the aggravated range is a 21-month minimum); for REAP, 12-24 months, which was within the standard range of the guidelines; and for unlawful restraint, 12-60 months, also within the standard range of the guidelines.[2]

Contrary to Cooper's claim, we conclude the sentence was not in violation of either section 9721 or 9781 of the Sentencing Code.

We note first that a plea of nolo contendere is treated the same as a guilty plea in terms of its effect upon a particular case.  **Commonwealth v. Boatwright**, 590 A.2d 15, 19 (1991).  "A defendant who has pled guilty

_____

[1] The Commonwealth sought the maximum sentence of 16 to 32 years' imprisonment.  **See** N.T. Sentencing Hearing, 10/25/13, at 26.

[2] The court applied the 6th Edition of the Sentencing Guidelines, which apply to sentences imposed for felony and misdemeanor offenses committed on or after June 3, 2005.

may challenge the discretionary aspects of his sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement." *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) (citation omitted). Therefore, Cooper, who entered an open plea of no contest, may challenge the discretionary aspects of his sentence. *See id*.; *see also* N.T. Plea Hearing, 9/4/13, at 6. However, [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (citations omitted).

In his Pa.R.A.P. 2119(f) statement, Cooper claims his sentence was excessive in that the court imposed his sentences to run consecutively and failed to state sufficient reasons on record for imposing a sentence outside the guidelines. Appellant's Brief, at 9. This claim raises a substantial question to invoke appellate review. *See Commonwealth v. Rodda*, 723

A.2d 212, 214 (Pa. Super. 1999) (en banc) (claim that sentencing court imposed sentence outside guidelines without specifying sufficient reasons presents substantial question for review).

When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it not bound by the Sentencing Guidelines. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007) (referring to Sentencing Guidelines as "advisory guideposts" which "recommend . . . rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz*, 923 A.2d at 1118.

A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). When a court chooses to depart from the guidelines however, it must "demonstrate on the record, as a proper starting point, . . . awareness of the sentencing guidelines." *Eby*, 784 A.2d at 206. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

- 4 -

In **Walls**, our Supreme Court observed that the parameters of this Court's review of the discretionary aspects of a sentence is confined by the dictates of 42 Pa.C.S. §§ 9781(c) and (d). Section 9781(c) states in relevant part that we may "vacate the sentence and remand the case to the sentencing court with instructions" if we find that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). Section 9781(d) provides that when reviewing a sentence, we must consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant [and], of course, the court must consider the sentencing guidelines." **Commonwealth v. Fullin**, 892 A.2d 843, 847-48 (Pa. Super. 2006) (citations omitted). "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." **Commonwealth v. Stewart**, 867 A.2d 589, 592-93 (Pa. Super. 2005) citing **Commonwealth v. Duffy**, 491 A.2d 230,

233 (1985). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." *Bowen*, 975 A.2d 1120, 1122 (Pa. Super. 2009).

Here, at the sentencing hearing, Judge Diana Anhalt, set forth on the record her consideration of the applicable guidelines, *see* N.T. Sentencing Hearing, 10/25/13, at 6, as well as the following reasons for the sentence imposed:

> [F]or the following reasons I will be going above the guidelines in the case of the aggravated assault. The medically compromised situation of this 16-month old child [aggravates] this case in a tremendous way. If I recall the testimony or the plea correctly, that the child had seven surgeries before the age of 16 months; he had a colostomy bag, and he got—he had 13 broken ribs, front and back, and the amount of pressure that would be needed to cause those type[s] of injuries that would also [puncture] a lung and puncture a liver, to me is a reason enough to [aggravate] the sentence. But then there's also a lack of a sense of responsibility. The fact that the child could not be touched for three weeks, due to injuries, this is a major-- is an important factor. The fact that there is –I guess- did the prior record score, and I want to be very clear on the record, that the prior record score takes into account what you were convicted for in the other cases. But the fact that you had prior knowledge about how sensitive children are and you can't pick them up by the legs, and you can't pick them up too hard around the belly, those are things you know. And the fact that you have a second conviction for the same type of crime is what makes me [aggravate] the endangering the welfare of a child sentence, is that you have two of those, and potentially, you now, there was other evidence submitted at your homicide trial, where there was another kid that had been hurt as well. Those are very small factors, but factors nevertheless, that when I look at the guidelines for endanger the welfare , it's 12 to 18 plus or

- 6 -

minus 3, given your history, I don't think your record adequately reflects the criminal background, and because of that, that's why I'm going to go – it's only a little above the endangering the welfare of a child, but it's above the [standard range of the] guidelines nonetheless. So, the sentence –oh, and then of course, last, but not being least, is protection of society. I believe that you are a danger to every child that you come into contact with, because there is no one safe from your touch.

N.T. Sentencing Hearing, 10/25/13, at 33-35.

Based on the foregoing, we conclude that the trial court provided adequate reasons on the record for its decision to sentence Cooper outside the guidelines for the aggravated assault and endangering the welfare of a child convictions. The court explained that its decision to aggravate[3] the sentence was based primarily on the infant victim's vulnerability and medically compromised condition. *Id*. at 35. The court also explained that Cooper had a history of similar crimes and believed that Cooper was "a danger to every child [he] come[s] into contact with[.]" *Id*.

Because the aggravating factors relied on by the trial court are adequate to sustain a sentence outside the guidelines, we find no abuse of discretion. *See Commonwealth v. Sheller*, 961 A.2d 187 (Pa. Super. 2008) (where sentence exceeded aggravated sentencing range, this Court affirmed where trial court considered all statutorily required factors,

---

[3] We note the distinction between an "aggravated sentence," as described herein by the trial court, which is outside the guidelines, and an "aggravated-range sentence," which is within the sentencing guidelines, albeit in the aggravated range.

including gravity of offense and defendant's rehabilitative needs as well as defendant's history and characteristics contained in pre-sentence investigation report, and factors outside guidelines supported departure, including defendant's commission of crime in family home while victim's twelve-year-old daughter was present); *Commonwealth v. Holiday*, 954 A.2d 6 (Pa. Super. 2008) (evidence supported imposition of sentence beyond aggravated range of sentencing guidelines for several vehicular crimes; defendant's criminal history began when he was 15 years of age, he had repeated drug felonies, he continually violated parole, and in instant case, he hit people with vehicle, did not stop, tried to outrun officer, then killed one and permanently injured second victim, he again did not stop to help, for four months he hid from police and did not turn himself in, his license was suspended when he was driving as he was convicted of seven probation violations, time spent in jail did not rehabilitate him, he was not capable of functioning as law abiding citizen, and lengthy incarceration was only solution to modify his behavior); *Commonwealth v. Johnson*, 873 A.2d 704 (Pa. Super. 2005) (sentences of two consecutive terms of two and one-half to five years for driving under influence (DUI) were not excessive, even though sentences were beyond what was recommended in sentencing guidelines; defendant had been convicted of DUI more than 20 times, completely failed to rehabilitate, failed to take responsibility for his actions, failed to adhere to law requiring him not to drive, and failed to adhere to law requiring him not to drive drunk, and trial court evaluated, among other

things, circumstances of defendant's most recent DUI convictions, his character, danger he represented to community, and high levels of alcohol present in his blood).

Additionally, at allocution, Cooper did not take responsibility for his actions, reflecting his lack of character, his lack of remorse and his lack of rehabilitative potential. After review of these factual matters, the sentencing court concluded that it needed to protect society's most vulnerable from Cooper. Prior to imposing sentence, court had the benefit of a pre-sentence investigation report and an opportunity to consider Cooper's history and characteristics. ***See*** Trial Court Opinion, 4/8/14, at 5; ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988) (when sentencing court has benefit of pre-sentence report, we must presume sentencing judge was aware of, and duly considered, any character-related information contained therein).

The sentencing court considered all the requisite factors, including the nature and circumstances of the offense, protection of the public, the recommended guideline range, the gravity of the offense, and the rehabilitative needs of the defendant. ***See*** 42 Pa.C.S.A. §§ 9781(d), 9721(b). Based on our review of this record, we find no manifest abuse of discretion. ***Commonwealth v. Reynolds***, 835 A.2d 720 (Pa. Super. 2003).

To the extent that Cooper challenges the trial court's decision to impose his sentences consecutively, we find no substantial question. ***See Commonwealth v. Pass***, 914 A.2d 442, 446–47 (Pa. Super. 2006) (Pennsylvania law affords sentencing court discretion to impose sentences

concurrently or consecutively, and any challenge to exercise of discretion ordinarily does not raise a substantial question); ***Johnson***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014